UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES POWELL,

                Petitioner,

   v.                                      9:18-CV-1163
                                                      (GTS)

MICHAEL ZURLO, Sheriff,

                Respondent.
_____

APPEARANCES:                         OF COUNSEL:

JAMES POWELL
Petitioner, pro se
Saratoga County Jail
6010 County Farm Road
Ballston Spa, NY 12020

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner James Powell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. No. 4, IFP Application.[1] He is confined at the Saratoga County Jail.

**II.   IFP APPLICATION**

At the outset, petitioner's IFP application reflects that he qualifies to proceed without paying the statutory filing fee. Dkt. No. 4. Accordingly, his application is granted. However,

---

[1] Attached to the petition presently before this Court is petitioner's "Motion for Extradition to Demanding State" which was previously filed in the Town of Moreau Justice Court. Pet. at 9.

for the reasons that follow, petitioner has thirty days to file an amended petition explaining how he has exhausted his present claim in the state courts or the petition will be dismissed.

**III.    THE PETITION**

Petitioner does not appear to be challenging a New York State conviction. *See* Pet. Instead, he claims that he is challenging the legality of his detention in the Saratoga County Jail, and he is attempting to expedite his extradition back to Arkansas from New York. Pet. at 1-2, 6, 9.[2]

In petitioner's "Motion for Extradition to Demanding State," he explains that after being arrested on May 10, 2018, pursuant to New York Criminal Procedure Law ("CPL") § 570.34 (arrest of accused without warrant therefor), he has been detained for "[a] time frame exceeding the 90ty days that are deemed lawfull in the uniform criminal Extradition ACT." Pet. at 9. On September 5, 2018, petitioner made the aforementioned motion in Moreau Town Court, seeking return to Arkansas for his "sentencing . . . for violating a condition of [his] parole." *Id.* at 2. The court denied the motion. *Id.* at 2, 5. Petitioner states the denial was because "the alleged complaint had presedence [*sic*] over the Uniform Extradition Act and that [petitioner] would not be allowed to be extradicted until all procedings [*sic*] on [the] alleged complaint in New York [we]re resolved, despite [petitioner's] pre-signed extradition contract with Arkansas." *Id.* at 5.

Petitioner contends that he did not appeal the Moreau Town Court's decision because he "learned that this matter could be resolved with a petition (writ of habeas corpus)." *Id.* at 3. Petitioner requests immediate "release into the custody of [the] demanding state of

---

[2] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

2

Arkansas, so that [his] sentencing may be determined in a timely manner." *Id.* at 7. For a complete statement of petitioner's claims, reference is made to the petition.

## IV. DISCUSSION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court has the power to issue a writ of habeas corpus for a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States . . . ." "Prisoners have used section 2241 to challenge extradition from one state to another." *Dr. Pat McPherron v. State of New York*, No. 9:16-CV-1010 (FJS), 2016 WL 4523933, at *2 (N.D.N.Y. Aug. 22, 2016) (citing *Edwards v. Bowles*, No. 3:03-CV-2624, 2004 WL 308036, *1, *6 (N.D. Tex. Feb. 18, 2004), *adopted* 2004 WL 741290 (N.D. Tex. Mar. 16, 2004); *Stewart v. People of State of New York*, No. 9:08-CV-1127, Dkt. No. 3, Decision and Order, at 3-4 (N.D.N.Y. Nov. 7, 2008) (citations omitted)).

While there is no statutory exhaustion requirement for petitions filed pursuant to 28 U.S.C. § 2241(c)(3), federal courts may require, as a matter of comity, that petitioners seeking relief pursuant to section 2241 exhaust all avenues of state relief before seeking a federal writ. *See McPherron*, 2016 WL 4523933, at *2 (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973) (requiring exhaustion in a challenge to pre-trial detention); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (same); *Whelan v. Noelle*, 966 F. Supp. 992, 997-98 (D. Or. 1997) (requiring exhaustion in a challenge to the legality of extradition proceedings); *Stewart*, No. 9:08-CV-1127 (TJM/GJD), Dkt. No. 3, Decision and Order, at 5-6 (same)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court

3

prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Extradition in New York is governed by the Uniform Criminal Extradition Act ("UCEA"). *See McPherron*, 2016 WL 4523933, at *2 (citing N.Y. CRIM. PROC. LAW ("CPL") §§ 570.02 *et seq.*). "The UCEA contains a provision allowing individuals to challenge the legality of extradition proceedings brought against them by means of a New York State habeas corpus petition, filed pursuant to Article 70 of the Civil Practice Law and Rules." *Id.* (citing N.Y. CPL § 570.24; Practice Commentaries, Preiser, P).

Based on the facts alleged in the present petition, it appears that petitioner has not yet exhausted his claims by raising them first in the appropriate state forum. While petitioner acknowledges that relief is best sought through a writ of habeas corpus (Pet. at 3), it appears that petitioner filed said writ in this Court instead of in state court pursuant to Article 70 as outlined above. Further, it appears that the motion filed in Moreau Town Court was not a writ of habeas corpus.

Petitioner must challenge his extradition in the New York courts in accordance with CPL § 570.24. *See People ex rel. Blake v. Pataki*, 99 A.D.3d 956 (2d Dep't. 2012) (the petitioner sought a New York State writ of habeas corpus to vacate an extradition warrant to

4

South Carolina), *lv. dismissed* 20 N.Y.3d 994 (2013); *People ex. rel. Focarile ex. rel. McNeil v. Goord*, 12 Misc. 3d 981 (N.Y. Sup. Co. 2006) (inmate challenged extradition to Virginia in state habeas corpus petition). At this point, it is unclear to this Court whether petitioner has successfully done so. If petitioner has not, there is no basis to conclude that there is an "absence of available State corrective process" and/or circumstances exist that render that state corrective process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

Based on the foregoing, the Court is unclear as to whether the exhaustion requirement has been met. Accordingly, in light of petitioner's *pro se* status, he will be given an opportunity to file an amended petition **within thirty (30) days** of the filing date of this Decision and Order to cure the above-noted deficiencies. The amended petition must also set forth information demonstrating that each claim has been properly exhausted, including the date(s) upon which he filed any state court proceedings in which he challenged the legality of the extradition at issue, the name and location of the court(s) in which he filed each application, the grounds raised, and the date(s) upon which the court(s) denied each application.

Petitioner **shall not** incorporate any portion of his prior petition into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order. Failure to file an amended petition will result in the dismissal of this petition, without prejudice to re-filing it once petitioner has fully exhausted his claims by raising them in the highest state court capable of reviewing them. *See See McPherron*, 2016 WL 4523933, at *3

(citing cases holding that dismissal of a petitioner's challenge to extradition proceedings is warranted where petitioner failed to first exhaust his state court remedies); s*ee also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.");[3] *Diguglielmo v. Senkowski*, 42 F. App'x. 492, 493 (2d Cir. 2002); *Stewart,* No. 9:08-CV-1127 (TJM/GJD), Dkt. No. 3, Decision and Order, at 5-7.

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's application to proceed IFP (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order. The amended petition must set forth information demonstrating that each claim has been properly exhausted, including the date(s) upon which he filed any state court proceedings in which he challenged the legality of the extradition at issue, the name and location of the court(s) in which he filed each application, the grounds raised, and the date(s) upon which the court(s) denied each application.

Petitioner **shall not** incorporate any portion of his prior petition into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order; and it is further

---

[3] *See* Rule 1(b), Habeas Rules.

**ORDERED** that, if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order; and it is further

**ORDERED** that, upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: October 18, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge